**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:16-cv-00761

Michael Olivero and Angela Olivero, Individuals,

      Plaintiffs,

v.

Trek Bicycle Corporation, a Wisconsin Corporation,

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs Michael Olivero and Angela Olivero by and through their counsel, George E. McLaughlin and Brian Weiss, for their Complaint against Defendant Trek Bicycle Corporation, state and allege as follows:

**PARTIES**

1.    Plaintiff Michael Olivero is a citizen of the State of Colorado, and resident of Denver County, Colorado, residing at the address of 4524 Beach Court, Denver, Colorado 80211.

2.    Plaintiff Angela Olivero is a citizen of the State of Colorado, and resident of Denver County, Colorado, residing at the address of 4524 Beach Court, Denver, Colorado 80211.

3.    At all times relevant hereto, Plaintiff Angela Olivero was and is the spouse of Michael Olivero.

4. Defendant Trek Bicycle Corporation [hereinafter "Trek"] is a foreign corporation, incorporated in the state of Wisconsin, with its principal place of business located at 801 West Madison Avenue, Waterloo, Wisconsin 53594.

5. At all times relevant hereto, Defendant Trek designed, manufactured, imported, distributed and sold bicycles and bicycle components.

6. Trek has disclosed to the Wisconsin Department of Financial Intuitions that Robert B. Burns is its Registered Agent, with an office address of 801 West Madison Avenue, P.O. Box 183, Waterloo, Wisconsin 53594.

## JURISDICTION AND VENUE

7. At all times relevant hereto, Defendant Trek designed, manufactured, and imported bicycles and bicycle components that were distributed to the state of Colorado, and sold or delivered to consumers in the State of Colorado, including in Jefferson County, Colorado, bicycles and bicycle components.

8. On or about the date of March 25, 2015, Plaintiff Michael Olivero purchased in Jefferson County, Colorado, a Trek designed, manufactured, and/or imported carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186, [hereinafter at times referred to as the "Trek carbon fiber bicycle fork"].

9. On the date of June 15, 2015, the Trek designed, manufactured, and/or imported carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186, suddenly and without warning catastrophically failed while Plaintiff Michael Olivero was riding his bicycle in a normal and expected manner in Lakewood, Jefferson County, Colorado, causing him to crash and sustain serious personal injuries.

10. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(a) and (c), as this cause of action arose and accrued in Jefferson County, Colorado.

12. Defendant Trek has sufficient minimum contacts with the State of Colorado for jurisdiction and venue to be proper in this Court.

## **FACTUAL ALLEGATIONS**

13. At all times relevant hereto, Plaintiff Michael Olivero was the owner of a Gary Fisher Cronus road bicycle, designed, manufactured, imported, distributed and sold by Trek.

14. On or about March 25, 2015, Plaintiff Michael Olivero purchased at Wheat Ridge Cyclery, Inc., in Wheat Ridge, Colorado, a new Trek designed, manufactured, and/or imported carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186.

15. Trek designed, manufactured, and/or imported the carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186.

16. The above identified Trek carbon fiber bicycle fork that is the subject of this civil action was placed in the stream of commerce by Trek or one of its subsidiaries or affiliates for which it is legally liable, or one of its agents, or a party under its direction or control.

17. Wheat Ridge Cyclery, Inc., purchased or obtained this above identified Trek carbon fiber bicycle fork in an unaltered and new condition from Trek.

18. The above identified Trek carbon fiber bicycle fork, was an appropriate component to be used on the Plaintiff Michael Olivero's Gary Fisher Cronus road bicycle.

19. The above identified Trek carbon fiber bicycle fork was installed on the Plaintiff Michael Olivero's Gary Fisher Cronus road bicycle by professional bicycle mechanics at Wheat Ridge Cyclery, Inc.

20. Wheat Ridge Cyclery, Inc., and the professional bicycle mechanics at Wheat Ridge Cyclery, Inc., did not alter or modify the Trek carbon fiber bicycle fork, prior to its sale to the Plaintiff Michael Olivero.

21. Wheat Ridge Cyclery, Inc., and the professional bicycle mechanics at Wheat Ridge Cyclery, Inc., did not alter or modify the Trek carbon fiber bicycle fork, prior to its installation on the Gary Fisher Cronus road bicycle of the Plaintiff Michael Olivero.

22. The above identified Trek carbon fiber bicycle fork purchased by the Plaintiff Michael Olivero was properly installed on the Plaintiff Michael Olivero's Gary Fisher Cronus road bicycle by professional bicycle mechanics at Wheat Ridge Cyclery, Inc.

23. The above identified Trek carbon fiber bicycle fork purchased by the Plaintiff Michael Olivero was installed on the Plaintiff Michael Olivero's Gary Fisher Cronus road bicycle according to the manufacturer's specifications.

24. After the purchase and installation of the above identified Trek carbon fiber bicycle fork Plaintiff Michael Olivero used that product by riding his Gary Fisher Cronus road bicycle in a reasonable and expected manner.

25. After purchasing the above identified Trek carbon fiber bicycle fork Plaintiff Michael Olivero did not abuse, misuse, or damage that product.

26. On the date of June 15, 2015, Plaintiff Michael Olivero was riding his bicycle in a reasonable and expected manner in Lakewood, Jefferson County, Colorado, when the above identified Trek carbon fiber bicycle fork, suddenly and without warning, catastrophically failed.

27. The above identified Trek carbon fiber bicycle fork failed because it was manufactured in such a way that it was not able to withstand the forces that it was subjected to during normal, intended, and expect use with without failure.

28. As a direct and proximate result of the sudden and catastrophic failure of the bicycle fork, Plaintiff Michael Olivero crashed and sustained serious personal injuries.

**FIRST CLAIM FOR RELIEF**

**STRICT PRODUCT LIABILITY**
**DEFECTIVE MANUFACTURING**

29. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

30. Trek or one of its subsidiaries or affiliates for which it is legally liable, is the manufacturer, designer, distributor, exporter, importer, seller, and/or supplier of the above identified carbon fiber bicycle fork that is the subject of this civil action.

31. The Trek carbon fiber bicycle fork that is the subject of this civil action was manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by or for Defendant Trek.

32. The Trek carbon fiber bicycle fork that is the subject of this civil action was defective in its manufacture and construction, and unreasonably dangerous, when it left the hands of Defendant Trek, posing a serious risk of injury in that:

a. It contained manufacturing defects that caused it to suddenly and catastrophically fail when being used in a reasonable and expected manner;

b. The carbon fiber material that it was constructed of did not comply with the manufacturer's specifications;

c. The manufacturing process that was used in the creation of the carbon fiber fork did not comply with the manufacturer's specifications;

d. The carbon fiber fork, as manufactured, did not meet or comply with the manufacturer's performance specifications.

e. The carbon fiber fork, as manufactured, contained defects in its materials that caused it to not comply with the manufacturer's performance specifications, and to suddenly and catastrophically fail when being used in a reasonable, expected and intended manner by an intended user; and,

f. The carbon fiber fork, as manufactured, contained defects in its workmanship that caused it to not comply with the manufacturer's performance specifications, and to suddenly and catastrophically fail when being used in a reasonable, expected and intended manner.

33.     The carbon fiber structure of the Trek bicycle fork that is the subject of this civil action, as manufactured, is unable to sustain the reasonable, intended and expected

forces it was subjected to when in use on the Plaintiff's bicycle, and therefore, was defective and unreasonably dangerous.

34. The Trek carbon fiber bicycle fork did not perform according to its intended manufacturing specifications, and, therefore, was defective and unreasonably dangerous.

35. The defect in the manufacture of the Trek carbon fiber bicycle fork includes the fact that the subject carbon fiber formulation was flawed or weak as opposed to some other composite of material formulation that was less brittle, more durable, stronger, and less likely to fail catastrophically.

36. As a direct and proximate result of Defendants' defectively manufactured and unreasonably dangerous carbon fiber bicycle fork, while being operated in a reasonable and expected manner by Plaintiff Michael Olivero, suddenly and catastrophically failed.

37. As a direct and proximate result of Defendant's defectively manufactured and unreasonably dangerous carbon fiber bicycle fork, on the date of June 15, 2015, while being operated in a reasonable and expected manner, Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in serious injuries to Plaintiff Michael Olivero.

38. As a direct and proximate result of Defendant Trek's defectively manufactured and unreasonably dangerous carbon fiber bicycle fork Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in damages to Plaintiff Michael Olivero's personal property.

## SECOND CLAIM FOR RELIEF

## STRICT PRODUCT LIABILITY
## DESIGN DEFECT

39. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

40. The Trek carbon fiber bicycle fork that is the subject of this civil was defective in its design when it left the hands of Defendant Trek, posing a serious risk of injury.

41. The defect in the design of the Trek carbon fiber bicycle fork includes the fact that it was not designed to withstand forces it would be subjected to in normal, intended and expected use.

42. The defect in the design of the Trek carbon fiber bicycle fork includes the fact that the fork proved to be inadequate to withstand the environment, uses, and forces that it would reasonably be expected to be subjected to during normal and expected use on a Gary Fisher Cronus road bicycle being ridden by a rider of expected weight in the intended and expected manner.

43. As a direct and proximate result of the Defendant's defectively designed Trek carbon fiber bicycle fork while being operated in a reasonable and expected manner on a Gary Fisher Cronus bicycle by the Plaintiff Michael Olivero it suddenly and catastrophically failed.

44. As a direct and proximate result of Defendant Trek's defectively designed and unreasonably dangerous carbon fiber bicycle fork Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in serious injuries, damages and losses to Michael Olivero.

45. As a direct and proximate result of Defendant Trek's defectively designed and unreasonably dangerous carbon fiber bicycle fork Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in damages to Plaintiff Michael Olivero's personal property.

## THIRD CLAIM FOR RELIEF

### NEGLIGENCE

46. Plaintiffs incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

47. Defendant Trek had a duty to exercise ordinary and reasonable care in the design, manufacture, exportation, importation, distribution, and sale of the Trek carbon fiber bicycle fork that is the subject of this civil action.

48. Defendant Trek failed to exercise ordinary and reasonable care in the design, manufacture, exportation, importation, distribution, and sale of the Trek carbon fiber bicycle fork that is the subject of this civil action in that:

   a. It contained manufacturing defects that caused it to suddenly and catastrophically fail when being used in a reasonable and expected manner;

   b. The carbon fiber material that it was constructed of did not comply with the manufacturer's specifications;

   c. The manufacturing process that was used in the creation of the carbon fiber fork did not comply with the manufacturer's specifications;

    d. The carbon fiber fork, as manufactured, did not meet or comply with the manufacturer's performance specifications.

    e. The carbon fiber fork, as manufactured, contained defects in its materials that caused it to not comply with the manufacturer's performance specifications, and to suddenly and catastrophically fail when being used in a reasonable, expected and intended manner; and,

    f. The carbon fiber fork, as manufactured, contained defects in its workmanship that caused it to not comply with the manufacturer's performance specifications, and to suddenly and catastrophically fail when being used in a reasonable, expected and intended manner.

49. Defendant Trek's failure to exercise ordinary and reasonable care in the design, manufacture, exportation, importation, testing, and sale of the bicycle and its components that are the subject of this civil action, as set forth above, was negligent.

50. As a direct and proximate result of Trek's negligence, as set forth above, the Trek carbon fiber fork on the Gary Fisher Cronus bicycle of the Plaintiff Michael Olivero suddenly and catastrophically failed.

51. As a direct and proximate result of Defendant Trek's negligence, Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in injuries, damages and losses to him.

52. As a direct and proximate result of Defendant Trek's negligence Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in damages to Plaintiff Michael Olivero's personal property.

## FOURTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

53. Plaintiffs incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

54. The Trek carbon fiber fork that is the subject of this civil action was impliedly warranted by Trek to be fit for the reasonable and intended use for which it was intended to be used on bicycles such as the Gary Fisher Cronus road bicycle of the Plaintiff Michael Olivero.

55. At the time Defendant Trek designed, manufactured, exported, imported, marketed, sold, and/or distributed the Trek carbon fiber fork that is the subject of this civil action Defendant Trek knew of the use for which the carbon fiber fork was intended, and impliedly warranted this product to be of merchantable quality, and safe for such use, and that their design and manufacture complied with all generally accepted standards in the industry.

56. Trek breached its implied warranties of merchantability and fitness for the intended use in that on June 15, 2015, when being used in a reasonable, expected, intended, and foreseeable manner the carbon fiber fork suddenly and without warning catastrophically failed.

57. As a direct and proximate result of Defendant Trek's breach of the implied warranty of merchantability and fitness for an intended use, Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in injuries to him.

58. As a direct and proximate result of Defendant Trek's breach of the implied warranty of merchantability and fitness for an intended use Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in damages to Plaintiff Michael Olivero's personal property.

## FIFTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

59. Plaintiffs incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

60. It is believed and contended that Trek had given certain express warranties as to the performance, quality, durability, and appropriateness of the carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186, for use on road bicycles such as the Gary Fisher Cronus bicycle of the Plaintiff Michael Olivero.

61. The Defendant Trek's carbon fiber bicycle fork, Serial Number 295763, identification Code MTFEG020186, in fact has on it a label referring to an express warranty.

62. The Defendant Trek breached its express warranties in that when being used in a reasonable, expected, intended, and foreseeable manner the carbon fiber fork suddenly and catastrophically failed.

63. As a direct and proximate result of Defendant Trek's breach of its express warranties Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in injuries to him.

64. As a direct and proximate result of Defendant Trek's breach of its express warranties Plaintiff Michael Olivero's Gary Fisher Cronus bicycle became uncontrollable and crashed, resulting in damages to Plaintiff Michael Olivero's personal property.

## DAMAGES FOR ALL CAUSES OF ACTION

65. Plaintiffs incorporate by reference all of the facts and allegations set forth above.

66. As a direct and proximate result of the incident that is the subject of this complaint, Plaintiff Michael Olivero suffered and sustained past and future:

   a. Serious person injuries requiring emergency transportation from the scene, hospitalization, and surgery, and rehabilitation;
   b. Medical bills and expenses in excess of $93,000;
   c. Lost earnings and earning capacity;
   d. Pain, suffering, emotional distress, and mental anguish;
   e. Physical impairment;
   f. Disfigurement;
   g. Loss and damage to his personal property;
   h. Attorney fees and litigation costs and expenses; and
   i. Other economic and non-economic damages as may be proven at trial

67. As a direct and proximate result of the incident that is the subject of this complaint, Plaintiff Angela Olivero suffered and sustained the loss of the consortium of her

husband, Michael Olivero resulting from her husband's injuries, damages for pain and suffering, emotional distress, loss of enjoyment of life, loss of earnings, loss of companionship, loss of financial support from, and other pecuniary and non-pecuniary damages as may be proven at trial.

68.     Plaintiff, Angela Olivero is entitled to recover for loss of consortium damages resulting from her husband's injuries, damages for pain and suffering, emotional distress, loss of enjoyment of life, loss of earnings, loss of companionship, loss of financial support from, and other pecuniary and non-pecuniary damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

1.     Compensatory damages in excess of the jurisdictional amount of this Court, including, but not limited to, pain, suffering, emotional distress, loss of enjoyment of life, emotional distress, grief and other non-economic damages in an amount to be determined at trial of this action;

2.     Expenses, income, and other economic damages in an amount to be determined at the trial of this civil action;

3.     Damages for the physical impairment of Plaintiff Michael Olivero;

4.     Damages for the disfigurement of Plaintiff Michael Olivero;

5.     Damages for the loss of consortium of Plaintiff Angela Olivero;

6.     All damages allowed under C.R.S. §§13-21-201 and 202, and under C.R.S. § 13-20-101;

7.     Pre-judgment and post-judgment interest;

8. Attorneys' fees, expenses, and costs of this action as allowed by law; and,

9. Such further relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated this 1st day of April 2016.

        Respectfully submitted,

        */s/George E. McLaughlin*
        George E. McLaughlin
        Warshauer-McLaughlin Law Group, P.C>
        1890 Gaylord St.
        Denver, CO  80102
        Phone: (303) 399-6037
        Fax (303) 322-3423
        gem@w-mlawgroup.com

        */s/ Brian M. Weiss*
        Brian M. Weiss
        Crawford Weiss, LLC
        450 E. 17th Ave., Suite 400
        Denver, CO 80203
        Phone 303.741.0249
        Fax 303.648.5149
        Brian@CrawfordWeiss.com
        *Attorneys for Plaintiffs*