IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-0761-WJM-MJW

MICHAEL OLIVERO and
ANGELA OLIVERO,

    Plaintiffs,

v.

TREK BICYCLE CORPORATION, a Wisconsin Company,

    Defendant.

---

# ORDER DENYING PLAINTIFFS' "FURTHER MOTION" TO EXCLUDE EXPERT TESTIMONY

---

This lawsuit arose from a bicycle accident that caused significant injuries to Plaintiff Michael Olivero. According to Olivero, the fork on the front of his bicycle spontaneously and catastrophically failed due to what must have been, he believes, a manufacturing defect. He and his wife, Plaintiff Angela Olivero (together, the "Oliveros"), sue Defendant Trek Bicycle Corporation ("Trek") on a theory of product liability.[1] Trial is currently set to begin on July 30, 2018. Currently before the Court is the Oliveros' "Further Motion to Exclude Defendant's Rebuttal Expert, Mr. Bretting, as a Witness at Trial" ("Motion"). (ECF No. 111.)

Depending on how one counts, this Motion is at least the Oliveros' third attempt to exclude Bretting's expected expert witness testimony. *Cf. Olivero v. Trek Bicycle Corp.*, 2018 WL 3102811, at *1 (D. Colo. June 25, 2018) (ECF No. 96) (denying the

---

[1] The Oliveros recently abandoned their other theories of liability. (*See* ECF No. 114 at 1.)

Oliveros' Rule 702 motion to exclude Bretting's opinions); *Olivero v. Trek Bicycle Corp.*, 291 F. Supp. 3d 1209, 1215–16 (D. Colo. 2017) (ECF No. 84) (mostly denying the Oliveros' claim that Bretting's report presented improper rebuttal opinions). The Oliveros' current challenge runs as follows: (i) this Court ruled that, save for one opinion that the Court excluded, Bretting's expert opinions are proper rebuttal opinions; but (ii) the Oliveros have now elected not to call their expert, Braden Kappius, whose opinions Bretting's testimony is intended to rebut; therefore (iii) Bretting's expected testimony must likewise be excluded, since he now has nothing to rebut.

Circumstances may exist in which the party proffering and then withdrawing an affirmative expert might prevail on such an argument. Imagine, for example, a breach of contract dispute where the plaintiff has been claiming future lost profits, and has proffered an expert to calculate those damages. The defendant has proffered a rebuttal expert criticizing the affirmative expert's calculations and offering an alternative calculation. If the plaintiff abandons its claim for future lost profits, then the defendant's rebuttal expert's testimony would probably become inadmissible because it would be *irrelevant*, not because the expert had been proffered under the "rebuttal" label. Indeed, the expert could have produced a preemptive report on the affirmative expert deadline (*compare* Federal Rule of Civil Procedure 26(a)(2)(D)(i) *with* 26(a)(2)(D)(ii)) and his or her testimony would still likely be inadmissible as irrelevant. It would no longer address a matter that is "of consequence in determining the action." Fed. R. Evid. 401(b).

The situation presented here is not precisely analogous. The Oliveros have not abandoned any portion of their case. They have only "abandoned" a particular witness who might have supported their theory of the case, which remains the same

2

(spontaneous failure due to latent manufacturing defect).  In other words, there is still a theory to rebut, even if an affirmative expert will not testify in support of that theory.

There is no rule that, at trial, a rebuttal expert may testify only in response to an affirmative expert's trial testimony.  Indeed, with some frequency the Court sees one party presenting its theory *without* expert testimony and the opposing party challenging that theory *with* expert testimony.

Moreover, this is a different matter from the question of when the expert-proffering party was required to disclose the expert's opinions under Rules 26(a)(2)(D)(i) and (ii).  Whether the expert is properly considered a "rebuttal expert" for purposes of judging timeliness of disclosure under Rule 26(a)(2)(D) has nothing necessarily to do with whether the admissibility of that expert's opinions at trial turns on some other expert testifying first.

As applied to this case, it certainly would have been an interesting scenario if the Oliveros had let the affirmative expert disclosure deadline pass without disclosing Kappius's opinions.  Trek probably would have been left with no way, procedurally speaking, to disclose Bretting's report (and therefore his trial testimony) absent modification of the scheduling order.  But, as it happened, the Oliveros *did* disclose Kappius's opinions and Bretting's rebuttal report offered, for the most part, proper rebuttal in light of the opinions Kappius actually rendered.  *See* 291 F. Supp. 3d at 1215–16.

In short, the Court finds that the Oliveros' choice to present their case without expert testimony is not dispositive of whether Trek can defend through testimony of an expert properly disclosed under Rules 26(a)(2)(D) as a rebuttal expert.  The Oliveros

intend to prove the same theory that Kappius would have presented through his opinions, and so Bretting's opinions continue to have a "tendency to make a fact [of consequence] more or less probable than it would be" otherwise. Fed. R. Evid. 401(a) & (b). For these reasons, the Oliveros' Further Motion to Exclude Defendant's Rebuttal Expert, Mr. Bretting, as a Witness at Trial (ECF No. 111) is DENIED.

Dated this 18th day of July, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge